UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BROWN RUDNICK, LLP,

                Movant,

-v-

OFFICIAL COMMITTEE OF UNSECURED CREDITORS, IN RE TEHUM CARE SERVICES, INC.,

                Respondent.

24 MC. 57 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

In this miscellaneous action, movant Brown Rudnick, LLP ("Brown Rudnick") seeks to quash a non-party subpoena. For the reasons that follow, the Court, without resolving that pending motion, transfers this matter to the Honorable Christopher M. Lopez of the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court").

**I.  Background**

Brown Rudnick seeks to quash a non-party subpoena *duces tecum* issued to it by the Official Committee of Unsecured Creditors ("UCC") in the Chapter 11 bankruptcy proceeding captioned *In re Tehum Care Services, Inc.*, Chapter 11 Case No. 23-90086 (CML) (Bankr. S.D. Texas), pending before Judge Lopez.[1] Brown Rudnick represents the Official Committee of Tort Claimants ("TCC"). The UCC represents the unsecured creditors of debtor Tehum Care Services, Inc.

---

[1] The UCC filed the underlying subpoena on January 22, 2024.

1

On February 5, 2024, Brown Rudnick filed the current motion to quash the subpoena, Dkt. 1, along with a memorandum of law and a declaration in support, Dkts. 2–3. On February 19, 2024, the UCC filed an opposition. Dkt. 16.

In parallel to Brown Rudnick's motion, on February 8, 2024, the UCC filed a motion to transfer this miscellaneous action to the Southern District of Texas, Dkt. 7, plus a memorandum of law and a supporting declaration, Dkts. 8–9. On February 13, 2024, Brown Rudnick filed an opposition, Dkt. 12, and a supporting declaration, Dkt. 13. On February 14, 2024, the UCC filed a reply, Dkt. 14, and a supporting declaration, Dkt. 15.

## II.   Applicable Legal Standards

Federal Rule of Civil Procedure 45(f) provides that "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). Although the Federal Rules do not define "exceptional circumstances," the Advisory Committee Notes explain that a "transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts." Fed. R. Civ. P. 45(f), advisory committee motes (2013 amendments).

"Therefore, it is within the discretion of this Court, where compliance is required, to ultimately decide whether to transfer a subpoena-related motion." *SBA Commc'ns Corp. v. Fractus*, S.A., No. 19 MC. 00130 (ER), 2019 WL 4879333, at *2 (S.D.N.Y. Oct. 3, 2019) (citation omitted). Courts in this District have transferred similar motions to the issuing court where "[the issuing court] is best-positioned to address the subpoena dispute given the nature of

2

the dispute and the posture and complexity of the underlying action," *see id.* at *2, where "[the issuing] court has already set out a discovery schedule in . . . the underlying action[]," *see Google LLC v. Fortress Inv. Grp. LLC*, No. 20 MC. 00132 (KPF), 2020 WL 1304039, at *1 (S.D.N.Y. Mar. 18, 2020), and to "serve the interests of justice and judicial efficiency." S*ee Stanziale v. Pepper Hamilton LLP*, No. 8 MC. 85 (CSH), 2007 WL 473703, at *6 (S.D.N.Y. Feb. 9, 2007).

### III. Discussion

The Court, upon review of the parties' submissions, finds that exceptional circumstances warrant transferring the motion to the Bankruptcy Court for the Southern District of Texas, the court in which the subpoena was issued.

First, the Bankruptcy Court is in by far the best position to justly and expeditiously resolve the motion to quash the subpoena, based on its familiarity with the underlying bankruptcy proceeding. To be sure, "familiarity with the case alone is insufficient to constitute exceptional circumstances." *Drummond Co., Inc. v. VICE Media LLC*, No. 21 MC. 859 (AJN), 2022 WL 445681, at *2 (S.D.N.Y. Feb. 14, 2022) (citation omitted). But that factor supports transfer here in light of the complexity of the underlying bankruptcy proceeding. The debtor has debts in excess of $10 million and the case involves more than 50 parties in interest. Dkt. 8 at 10. Consistent with that, the bankruptcy proceeding case has been designated a "complex proceeding" and is governed in accordance with the "Procedures for Complex Cases in the Southern District of Texas." *Id.* The bankruptcy proceeding has been pending for nearly a year, during which time Judge Lopez has resolved numerous discovery disputes, including arising from 12 subpoenas issued by the UCC, and numerous motions involving bids to enforce such subpoenas. *Id.* at 6. In light of the Bankruptcy Court's deep experience managing discovery in

3

the underlying case, it is "intimately familiar with the history and complex facts of the current litigation" as it pertains to the resolution of the current motion. *Drummond*, 2022 WL 445681, at *2. This Court, in contrast, has no such experience with the Tehum bankruptcy litigation. As such, the Bankruptcy Court is in a far better position to assess how the subpoena at issue relates to the overall bankruptcy proceeding and the merits of the pending challenges to it.

Judicial economy also favors transfer of the current motion. Unlike the Bankruptcy Court, to reliably resolve the pending motion, this Court necessarily would need time to familiarize itself with the underlying bankruptcy proceeding from which the current subpoena dispute arises. Such would have an obvious risk of "disrupting the issuing court's management of the underlying litigation," by disrupting potential discovery and other case management deadlines. Fed. R. Civ. P. 45(f), advisory committee notes (2013 amendments). There is, for example, a hearing scheduled for March 1 and March 5 on a motion to dismiss the case, *see* Dkt. 2 at 2, Dkt. 8 at 4; given the potential impact of that motion on the subpoena, it is sensible that this motion be resolved by the court responsible for that hearing. Transferring the motion to compel to the issuing court thereby "would serve judicial economy and consistency by avoiding piecemeal litigation." *Amyndas Pharms. Single Member P.C. v. Alexion Pharms., Inc.*, No. 23 MC. 447 (LJL), 2023 WL 8280973, at *1 (S.D.N.Y. Nov. 30, 2023) (internal quotation marks omitted).

Finally, Brown Rudnick cannot credibly claim to be unduly burdened by litigating its motion to quash before the Bankruptcy Court. Rule 45(f) is primarily concerned with "avoiding burdens on local nonparties subject to subpoenas." Fed. R. Civ. P. 45(f), advisory committee motes (2013 amendments). Thus, where exceptional circumstances are not present, the Rule enables a non-party served with a subpoena to obtain local resolution of its motion. But that

4

concern is not meaningfully implicated here. Brown Rudnick is currently representing the TCC in the bankruptcy proceeding in the Southern District of Texas. Brown Rudnick has appeared *in person* at hearings and status conferences. Dkt. 8 at 11. Brown Rudnick cannot claim a meaningful additional burden by an order obliging it to litigate this motion, too, in the Southern District of Texas. *See, e.g., Jud. Watch, Inc. v. Valle Del Sol, Inc.*, 307 F.R.D. 30, 35 (D.D.C. 2014) ("Given the Petitioner's national reach and familiarity with litigation in courts outside this jurisdiction, the general interest in protecting local nonparties by requiring local resolution of subpoena-related disputes is significantly reduced."); *In re Subpoena to Kia Motors Am., Inc.*, No. 14 SACV 1315 (JLS) (RNBX), 2014 WL 2118897, at *1 (C.D. Cal. Mar. 6, 2014) (holding by compliance court that transfer to Western District of North Carolina would not burden subpoena recipient, which was "a national automotive company" and not an individual resident, where counsel representing the company was also "representing the defendant in the North Carolina Action").

## CONCLUSION

The Court therefore grants the motion to transfer. This action is hereby ORDERED transferred forthwith to the United States Bankruptcy Court for the Southern District of Texas, pursuant to the Federal Rule of Civil Procedure 45(f). The Clerk of Court is respectfully directed to terminate the motion pending at Docket 7.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: February 23, 2024
New York, New York

5